## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ARNOLDO CARRILLO and SANTA FE
HORSE RACING BY CARRILLO'S, LLC,

      Plaintiffs,

v.                                                            CV 15-1111 WPL/GBW

The NEW MEXICO RACING COMMISSION;
The BOARD OF STEWARDS OF SUNLAND
PARK; and DAVID KEITER, ED L'ECUYER
and KENNETH HART, in their individual capacities,

      Defendants.


### AMENDED ORDER DENYING MOTION FOR SUMMARY JUDGMENT

      Arnoldo Carrillo and Santa Fe Horse Racing by Carrillo's, LLC (collectively Plaintiffs) claim that, in 2012 and 2013, they were improperly excluded from racing their horses at four of New Mexico's race tracks: Zia Park, Sunland Park, SunRay Park and Ruidoso Downs. Alleging a deprivation of their liberty interest in pursuing their occupation of horse racing and due process and equal protection violations, they sued the race tracks, various individuals employed by the race tracks, the New Mexico Racing Commission, the Boards of Stewards of the race tracks, and the Stewards in their individual capacities. (Doc. 1.) Because Plaintiffs had previously filed suit in state court for wrongful exclusion from the race tracks, I dismissed the race track defendants on claim preclusion grounds. (Doc. 63.)  I also dismissed the Racing Commission and Boards of Stewards of the race tracks on the issue of retroactive money damages because they are not "persons" for purposes of liability under 42 U.S.C. § 1983, but denied dismissal to prospective claims such as declaratory or injunctive relief. *Id*. Finally, I granted dismissal to the Boards of

Stewards of Zia Park, SunRay Park and Ruidoso Downs on qualified immunity grounds, but denied dismissal on qualified immunity grounds to the Board of Stewards of Sunland Park because Plaintiffs' allegation that the Stewards participated with the management of Sunland Park in the decision to exclude Plaintiffs from racing could constitute state action under the close nexus or joint action tests. *Id.*

The remaining Defendants have filed a motion for summary judgment, claiming that the undisputed material facts show that the Stewards did not participate in the decision to exclude Plaintiffs from racing at Sunland Park. (Doc. 76.) Curiously, rather than citing deposition testimony from Arnoldo Carrillo or the Stewards to establish this fact, the Defendants attach an affidavit from Rick Baugh, who was the general manager at Sunland Park. Baugh states that the decision to exclude Plaintiffs from racing at Sunland Park was solely the decision of Sunland Park and its management, and that the Stewards were not involved in the decision. Baugh further states that, as a courtesy to Carrillo, he called Carrillo to inform him of the exclusion, and that Steward David Keiter then informed Carrillo that his horse set to race the next day would be scratched. According to the Defendants, because the Stewards did not participate in the decision to exclude Plaintiffs, the Stewards are entitled to dismissal of Plaintiffs' claims based on qualified immunity, and the Racing Commission and Board are entitled to dismissal because no state action was involved.

Summary judgment is appropriate if the Defendants show that "there is no genuine dispute as to any material fact and [they are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering the Defendants' motion, I must view the facts and the reasonable inferences from the facts in the light most favorable to Plaintiffs, the non-moving party. *Cortez v. McCauley*, 478 F.3d 1108, 1126 (10th Cir. 2007). The Defendants bear the initial burden of showing

that there are no genuine issues of material fact present. *Bacchus Indus., Inc. v. Arvin Indus., Inc*, 939 F.2d 887, 891 (10th Cir. 1991). When a motion for summary judgment is supported as provided in Federal Rule of Civil Procedure 56, an adverse party may not rest upon mere allegations or denials but must submit affidavits or other evidence that is more than simply "speculation, conjecture, or surmise." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004)).

A genuine dispute as to a material fact exists when a rational fact finder could find in favor of the non-moving party. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009). In ruling on a motion for summary judgment, a court will not weigh the credibility of the witnesses or other evidence to find the facts. *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014). The court's role is limited to assessing the threshold issue of whether a genuine dispute exists as to a material fact, and if a genuine dispute exists, the court must deny summary judgment. *Id*.

In response, Plaintiffs have submitted an affidavit from Arnoldo Carrillo which contradicts Baugh's version of events. Carrillo states that on April 13, 2013 he received a telephone call from Keiter, the head Steward at Sunland Park. Keiter told him that he was in his office at Sunland Park with the other Stewards and Baugh and that they had been talking about the death of Jumpn Alegre after the race the day before. Keiter told him that the four of them had decided Plaintiffs could not race at Sunland Park anymore because of the death of Jumpn Alegre and Plaintiffs' record at New Mexico race tracks. Keiter also told him during that conversation that his horse scheduled to race the next day would be scratched.

Plaintiffs further rely upon an admission that Sunland Park made in the state court lawsuit. In paragraph 66 of Plaintiffs' state court complaint, they alleged essentially the same facts set out in Carrillo's affidavit: that Carrillo received a joint telephone call from the Board of Stewards and Baugh, and that during that conversation Keiter informed him that "the group of them had

3

determined" to exclude Plaintiffs from the track and to scratch his horse Sweetened Vanilla from racing the next day. Sunland Park admitted the allegations of paragraph 66 in the answer it filed in state court.

The Defendants struggle mightily to avoid a finding that a genuine dispute of material facts is present. They argue that Carrillo's recollection of his conversation with Keiter is not accurate, that Baugh is best situated to describe what actually happened, and that I should accept Baugh's version of events. They also argue that Baugh's testimony in his affidavit is not inconsistent with their admission of paragraph 66 of the state court complaint because paragraph 66 is ambiguous and could reasonably be construed to mean that Baugh determined the exclusion and the Stewards determined Plaintiffs' horse must be scratched. According to the Defendants, Baugh's affidavit "is simply more nuanced" than the admission in their state court answer. (Doc. 76 at 7.)

"Inconsistent allegations contained in prior pleadings are admissible as evidence in subsequent litigation." *LWT, Inc. v. Childers*, 19 F.3d 539, 542 (10th Cir. 1994) (citing *Dugan v. EMS Helicopters, Inc*., 915 F.2d 1428, 1431 (10th Cir. 1990)). While the admissions in the prior pleadings would not be binding in this case, the pleadings would be admissible as substantive evidence under Federal Rule of Evidence 801(d)(2). *Id*.; *Higgins v. Mississippi*, 217 F.3d 951, 954-55 (7th Cir. 2000). Baugh's statement that the exclusion of Plaintiffs was solely the decision of the management at Sunland Park is contradicted by Carrillo's testimony that Keiter told him that the Stewards participated in the decision to exclude Plaintiffs from racing at Sunland Park, and by the admission in the state court lawsuit. Whether Baugh's affidavit is inconsistent with or "is simply more nuanced" than the admission in the state court lawsuit is a question of fact that should be decided by a jury, not resolved as a matter of law on a summary judgment motion.

This is not a close call: the Defendants are asking me to judge the credibility of Baugh and Carrillo and weigh conflicting evidence to find that the facts concerning Plaintiffs' exclusion from

Sunland Park are as they assert. Judging credibility and weighing evidence are roles for the jury in our adversarial system. Because the Defendants have failed at the first summary judgment step to establish that there are no genuine disputes of material facts present, their motion for summary judgment is denied.

       IT IS SO ORDERED.

                        William P. Lynch
                        United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.

5